UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                      File No.  1:03-CR-175

v.

                                      HON. ROBERT HOLMES BELL

HANG LE-THY TRAN,

        Defendant.

                                   /

## **MEMORANDUM OPINION AND ORDER**

        This matter is before the Court on Defendant, Hang Le-Thy Tran's, motion for an extension of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(b)(4).

        Defendant was re-sentenced by this Court on November 14, 2006.  The ten-day period for the filing of a notice of appeal ended on November 29, 2006.  Defendant filed a notice of appeal on December 11, 2006 and filed this motion on December 12, 2006.  The Court may properly consider Defendant's motion as it was filed within thirty days of the expiration of the ten-day period.  *United States v. Tarrant*, 158 F.3d 946, 947 (6th Cir. 1998).

        The Court must first determine whether Defendant has established excusable neglect for the late filing of the notice of appeal.  *United States v. Thompson*, 82 F.3d 700, 702 (6th Cir. 1996).  If the Court finds excusable neglect, then the Court must "examine the questions of prejudice and bad faith."  *Id*.  "If there is any indication of bad faith or any evidence of

prejudice to the appellee or to judicial administration," then the Court may deny the request for an extension of time. *Id.*

Excusable neglect includes "both simple, faultless omissions to act and omissions caused by carelessness." *Id.* Defendant claims that she requested her counsel at re-sentencing file a notice of appeal, however, no notice of appeal was filed. (Def.'s Mot., Docket #117, at ¶ 2.) The timing of Defendant's motion for an extension of time is consistent with Defendant's alleged request to her counsel at re-sentencing. Either Defendant's actions in not reaching a clearer understanding with counsel, or the omission by counsel himself, is an omission "caused by carelessness." Therefore, the Court finds that the events alleged by Defendant constitute excusable neglect as defined by the Sixth Circuit. Having found excusable neglect, the Court must now proceed to the bad faith and prejudice inquiry. The Court finds nothing related to Defendant's motion suggests that the delay in filing the notice of appeal is the result of bad faith. As Defendant is appealing from re-sentencing, the delay in filing the notice of appeal should not prejudice the government.

**IT IS HEREBY ORDERED** that Defendant's motion for an extension of time to file a notice of appeal (Docket #117) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk's office is directed to separately file the notice of appeal attached to Defendant's motion.

Date:   December 18, 2006          /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE

2